No. 776. RODICKER *v.* ILLINOIS CENTRAL RAILROAD Co. Sup. Ct. Miss. Certiorari denied.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN join, dissenting.

This is a tragic case in which a 23-year-old railroad worker was permanently and totally disabled while performing his duties. He has been denied his right to recover damages by what I believe was the gross error of the Mississippi Supreme Court in depriving him of his constitutional right to a jury trial.

Petitioner Robert Rodicker, a man with an eighth-grade education, has earned his living doing manual labor for respondent Illinois Central Railroad since the age of 18. On September 16, 1964, Rodicker was working a switch engine with two other Illinois Central Railroad employees coupling an Illinois Central car to a train at the Union Passenger Terminal in New Orleans. As the engine backed up, it spewed out a shower of sparks, covering Rodicker with fire and burning his back and neck. He leaned away from the engine's steps to save himself from the sparks and smashed into a negligently placed steel garbage container that knocked him to the tracks unconscious. He brought suit against respondent under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* urging that his injury was negligently caused by the engine's excessive sparks and the dangerous placement of the steel garbage container. The Mississippi Supreme Court affirmed a judgment directing a verdict for the railroad. That court held that as a matter of law petitioner was an employee of the Union Passenger Terminal and not the Illinois Central at the time of this terrible accident. I cannot understand the Court's refusal to grant certiorari.

Respondent had made an agreement with the Union Passenger Terminal whereby the latter used Illinois Central employees and those of other railroads as crews to switch the railroad's cars when they entered the terminal. Petitioner was working on such a crew when he was injured. He had an Illinois Central employee number and was being paid by check drawn on the Illinois Central. He regularly applied to the Illinois Central for vacation time and received vacation pay from it. And, of course, he was actually coupling an Illinois Central car at the time of the injury.

On this record petitioner was entitled to have a jury determine whether he should recover from the Illinois Central. See, e. g., Sinkler v. Missouri Pacific R. Co., 356 U. S. 326 (1958); Wilkerson v. McCarthy, 336 U. S. 53 (1949); Terminal R. Assn. of St. Louis v. Fitzjohn, 165 F. 2d 473 (CA8 1948). Today the Court deprives petitioner of his right to a jury trial and frustrates the plan of Congress to provide a remedy for railroad employees injured by their employers' negligence.

I think it is of paramount importance that the purpose of Congress to protect people like petitioner should not be frustrated by the will of judges. I would grant certiorari and reverse the judgment of the court below.